IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| TAUREAN SMALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | NO. 5:25-CV-238-FL |
| OPEN AI LP, MICROSOFT CORPORATION, GOOGLE LLC, META PLATFORMS, INC., AMAZON.COM, INC., ADOBE INC. | ) ) ) ) ) | |
| | ) | |
| Defendants. | | |

- - - - -

| | | |
|---|---|---|
| TAUREAN SMALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | NO. 5:25-CV-239-FL |
| FEDERAL TRADE COMMISSION, NATIONAL TELECOMMUNICATIONS AND INFORMATION ADMINISTRATION | ) ) ) ) | |
| | ) | |
| Defendants. | | |

## ORDER

These related cases are before the court on frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), following submission of complaints by pro se plaintiff. In case No. 5:25-CV-238-FL (the "OpenAI case"), United States Magistrate Judge Robert B. Jones, Jr., entered Memorandum and Recommendation ('M&R') wherein it is recommended that the court dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted.

In case No. 5:25-CV-239-FL (the "FTC case"), the magistrate judge entered M&R wherein it is recommended that plaintiff's complaint be dismissed for lack of subject matter jurisdiction. Plaintiff's objections in both cases have been filed, and the issues raised are ripe for ruling.

For the following reasons, the court adopts the M&Rs in full, and these cases must be and are dismissed without prejudice. Plaintiffs' additional motions are terminated as moot.

## STATEMENT OF THE CASE

A.  OpenAI Case

Plaintiff commenced the OpenAI Case by complaint filed May 7, 2025, and filed an amended complaint on May 22, 2025.[1] Plaintiff asserts claims against defendants for violations of federal and state law, including the Federal Trade Commission Act 15 U.S.C. § 45, the Computer Fraud and Abuse Act 18 U.S.C. § 1030, the Communications Decency Act 47 U.S.C. § 230(e)(2), as well as the Copyright Act, the Privacy Act of 1974, 42 U.S.C. § 1985(3), Bivens, the Stored Communications Act, and the North Carolina Unfair and Deceptive Trade Practices Act. Plaintiff also asserts theories of liability described as "constructive exploitation of cognitive labor" and a "hybrid agency-enabling theory of liability."

Plaintiff alleges that between 2023 and 2025, defendants captured and monetized his cognitive labor and digital behavior through artificial intelligence ("AI") systems, without compensation or licensing. Plaintiff seeks $100 million in damages and royalties of 1.5% on revenues allegedly tied to his data or input-derived AI outputs. Plaintiff relies upon declarations and exhibits in support of his claims, including documents detailing the scope of cognitive labor, royalty justification, alleged algorithmic exploitation, and identification of private sector defendants, along with proposed summonses and statutory addenda. (See DE 8-2 to DE 8-24).

---

[1] The court treats plaintiff's amended complaint, filed May 22, 2025 (DE 8-1), as the operative complaint.

1

B.  FTC Case

Plaintiff commenced the FTC Case by complaint filed May 7, 2025, and with amended complaint filed May 22, 2025.² Plaintiff alleges that federal agencies, comprising the FTC and the National Telecommunications and Information Administration ("NTIA"), failed to prevent exploitation of digital cognitive labor and breached statutory duties by not recognizing such labor under the Fair Labor Standards Act ("FLSA"). Plaintiff seeks declaratory and injunctive relief requiring the Department of Labor to issue interpretive guidance recognizing cognitive labor as compensable under the FLSA.

## STATEMENT OF FACTS

A.  OpenAI Case

Between 2023 and 2025, plaintiff alleges that he interacted with multiple platforms operated by defendants, during which his "cognitive labor and digital behavior" were captured, analyzed, and integrated into artificial intelligence systems. (Id. (DE 8-1) at 6). Plaintiff contends that this data was monetized without compensation, licensing terms, or opt-out mechanisms. (Id.).

Plaintiff asserts that defendants, including OpenAI LP, Microsoft Corporation, Google LLC, Meta Platforms, Inc., Amazon.com, Inc., Adobe Inc., and others, used telemetry, behavioral data, and user-generated content to train AI systems that now compete against the very users they learned from. (Id. (DE 8-10) at 3). Plaintiff alleges that this constitutes "constructive exploitation of cognitive labor" and seeks $100 million in damages, as well as royalties of 1.5% on revenues tied to his data or input-derived AI outputs. (Id. (DE-8-1) at 6).

Plaintiff relies upon declarations in support of his claims, including a "Declaration of Cognitive Labor Scope," a "Royalty Manifesto," and a "Declaration of Algorithmic Exploitation

---

² The court will treat plaintiff's amended complaint, filed May 22, 2025 (DE 5), as the operative complaint.

and Cognitive Servitude." (Id. (DE 8-2 to -8-10)). He also filed supplemental materials, including an "Affidavit on the Federal Recognition of Cognitive Value" and a motion to relate the case to Small v. FTC, No. 5:25-CV-239-FL. (Id. (DE 9 to -13)).

B.  FTC Case

In the FTC case, plaintiff alleges that defendants failed to recognize cognitive labor as compensable under the FLSA and he seeks declaratory relief mandating that the Department of Labor issue interpretive guidance recognizing digital cognitive labor as protected under federal labor standards.

Plaintiff's filings in both cases reflect a broader litigation strategy aimed at prompting regulatory recognition of cognitive labor. (See Decl. of SREL Framework (DE-8-7) at 1). Plaintiff asserts that the court system should act as a de facto regulator in this emerging area of law. (Id.).

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

3

Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint may be found frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Additionally, a complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). In evaluating whether a claim has been stated, the court accepts all well-pled facts as true and construes those facts in the light most favorable to the plaintiff, but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement [,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.   Analysis

In the OpenAI case, the court considers whether plaintiff's amended complaint states a plausible claim for relief under federal law. In the FTC case, the court evaluates whether plaintiff has alleged sufficient facts to establish Article III standing and invoke subject matter jurisdiction. The court addresses each case in turn.

1.   OpenAI Case

Upon frivolity review, the magistrate judge recommends dismissal of plaintiff's complaint for failure to state a plausible claim. Plaintiff objects, asserting that the complaint alleges a novel form of economic harm arising from the uncompensated extraction of cognitive labor by artificial intelligence systems. (Obj. (DE 15)). Plaintiff contends that the judiciary must engage with

emerging forms of injury not yet codified by statute, citing cases such Obergefell v. Hodges, 576 U.S. 644 (2015), Spokeo, Inc. v. Robins, 578 U.S. 330 (2016), and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) in support of constitutional adjudication where statutory gaps exist. (Id. at 1–2).

While the court acknowledges plaintiff's expressive framing and the broader policy concerns raised, the complaint does not contain factual allegations sufficient to support any cognizable claim under the statutes cited. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff references the Federal Trade Commission Act, the Computer Fraud and Abuse Act, and the Privacy Act, but fails to allege specific conduct by any defendant that would satisfy the elements of a claim under those provisions. Generalized assertions regarding behavioral extraction and telemetry use do not meet the pleading standard required under Rule 8. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

Plaintiff further objects to the magistrate judge's characterization of the complaint as ideological or generalized, arguing that the complaint includes specific allegations of harm, named defendants, and supporting declarations. (Obj. (DE 15) at 3–5). However, the court is not required to accept legal conclusions or rhetorical framing as factual allegations. See Iqbal, 556 U.S. at 678. The complaint's references to "redefining slavery," "behavioral extraction," and "pattern mining," while creative, are not accompanied by sufficient factual enhancement to state a claim for relief.

Plaintiff also challenges the magistrate judge's reference to related filings and the suggestion that the court is being used as a "de facto regulator." (Id. at 5–6). The court notes that plaintiff is a frequent pro se litigant in this district, and that similar claims have been raised in other actions. See Small v. Federal Trade Commission, No. 5:25-CV-330-M-RN (E.D.N.C.); Small v. Smithfield Foods, No. 5:25-CV-331-D-RJ (E.D.N.C.); Small v. Takeda Pharmaceuticals, No.

5

5:25-CV-332-M-RN (E.D.N.C.); Small v. ABM Industries, No. 5:25-CV-429-BO-KS (E.D.N.C.); Small v. Checkr Inc., No. 5:25-CV-430-BO-KS (E.D.N.C.); Small v. County of Cumberland, No. 5:25-CT-3156-BO (E.D.N.C.). While plaintiff's objections emphasize the need for judicial engagement with emerging digital harms, the court's role is limited to adjudicating claims that satisfy the pleading standards and fall within the scope of existing law.

Plaintiff further argues in his objections that the magistrate judge failed to engage with the statutory framework explicitly cited in the complaint, including the Federal Trade Commission Act (15 U.S.C. § 45), the Computer Fraud and Abuse Act (18 U.S.C. § 1030), the Privacy Act (5 U.S.C. § 552a), and civil conspiracy protections under 42 U.S.C. § 1985(3). (Obj. (DE 15) at 7). Plaintiff contends that jurisdiction was properly established under 28 U.S.C. § 1331 and that the complaint presents a viable theory of economic injury supported by sworn declarations and sector-specific evidence. (Id.).

While plaintiff attempts to frame the complaint within existing statutory doctrine, the allegations remain conclusory and lack the factual specificity required to state a claim for relief. See Iqbal, 556 U.S. at 678. The court is not empowered to recognize new causes of action absent statutory authority, and plaintiff's references to evolving legal and ethical positions do not substitute for well-pled facts. The magistrate judge's recommendation does not rest on ideological disagreement, but on the absence of actionable claims under governing law.

In sum, plaintiff's objections do not provide a basis for overcoming the deficiencies identified in the M&R. The complaint fails to state a claim upon which relief may be granted, and dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. FTC Case

In the FTC case, the magistrate judge recommends dismissal for lack of subject matter jurisdiction, concluding that plaintiff has failed to establish Article III standing. (M&R (DE 9)). In his objections, plaintiff asserts that the complaint alleges concrete, traceable harm resulting from federal agency inaction, including the Department of Labor's failure to classify cognitive labor as compensable under the FLSA. (Obj. (DE 10) at 2–4). Plaintiff contends that the magistrate judge mischaracterized the nature of the claims, failed to engage with the constitutional framing of the alleged harm, and improperly deferred to executive silence. (Id. at 4–6).

To establish standing, a plaintiff must demonstrate (1) an injury in fact, (2) that is fairly traceable to the defendant's conduct, and (3) that is likely to be redressed by a favorable judicial decision. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992). Plaintiff's allegations regarding systemic exploitation of cognitive labor and regulatory omission do not satisfy this standard. The complaint does not identify a final agency action subject to review under the Administrative Procedure Act ("APA"), nor does it allege a particularized injury distinct from generalized grievances about federal policy.

Plaintiff argues that the court failed to evaluate whether the Department of Labor's inaction constitutes unlawful withholding under 5 U.S.C. § 706(1), and that such failure amounts to abdication of judicial oversight. (Obj. (DE 10) at 5–6). Plaintiff cites Massachusetts v. EPA, 549 U.S. 497 (2007), for the proposition that courts must not defer blindly to agency silence where such silence contributes to ongoing harm. While the APA permits review of certain agency failures to act, such review is limited to circumstances where a plaintiff can demonstrate standing and identify a discrete agency duty subject to enforcement. See Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 64 (2004). Plaintiff's complaint does not meet this threshold.

Plaintiff further contends that the magistrate judge misclassified the nature of the harm alleged, reducing it to a data privacy grievance rather than a labor-based injury. (Obj. (DE 10) at 6–8). The court acknowledges plaintiff's framing of the claim as one involving economic and psychological harm arising from the non-consensual extraction of cognitive input. However, the complaint does not allege facts sufficient to establish a legally cognizable injury under existing statutory or constitutional frameworks. See Spokeo, Inc. v. Robins, 578 U.S. 330, 340 (2016).

Plaintiff also invokes constitutional principles, arguing that the judiciary must interpret rights in light of new forms of harm, even where statutory guidance is absent. (Obj. (DE 10) at 6–9). While constitutional interpretation is subject to change, federal jurisdiction remains limited to cases and controversies that satisfy Article III. The complaint does not allege a violation of a specific constitutional provision, nor does it present a claim that falls within the scope of recognized constitutional protections.

Plaintiff asserts that the court failed to apply the liberal construction standard applicable to pro se filings, as set forth in Haines v. Kerner, 404 U.S. 519 (1972), and Estelle v. Gamble, 429 U.S. 97 (1976). (Obj. (DE 10) at 9). The court has reviewed the complaint with appropriate deference, but finds that the allegations, even liberally construed, do not establish standing or invoke a reviewable agency duty under the APA.

Finally, plaintiff argues that the M&R failed to engage with supporting exhibits, including declarations and addenda outlining regulatory abandonment and measurable harm. (Obj. (DE 10) at 8–10). The court has reviewed the record in full and finds that while plaintiff's submissions are creative and structured, they do not contain sufficient factual allegations to support a claim for relief under the APA, FTC Act, or FLSA. The court does not dismiss the complaint on grounds

of novelty or rhetorical framing, but rather on the absence of actionable claims within the scope of federal jurisdiction.

Accordingly, the court finds no error in the magistrate judge's conclusion. Plaintiff's FTC Case is dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

## CONCLUSION

Based on the foregoing, the court ADOPTS the recommendation of the magistrate judge in each case. Upon frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiff's complaints are DISMISSED. The OpenAI case is DISMISSED for failure to state a claim upon which relief may be granted. The FTC case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction due to failure to establish Article III standing. Plaintiff's motions in each case necessarily are TERMINATED AS MOOT. The clerk is DIRECTED to close both cases.

SO ORDERED, this the 10th day of October, 2025.

LOUISE W. FLANAGAN
United States District Judge